UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STAR INSURANCE COMPANY,
SAVERS PROPERTY & CASUALTY
INSURANCE COMPANY, AMERITRUST
INSURANCE CORPORATION and
WILLIAMSBURG NATIONAL INSURANCE
COMPANY,

       Plaintiffs,

vs                                      Case No: 13-13807
                                        Honorable Victoria A. Roberts

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Defendant.
_____/


## ORDER

      Plaintiffs entered into a contract (the "Treaty") with National Union Fire Insurance

Company of Pittsburgh ("National Union").  The Treaty required arbitration of claims

before arbitrators who are not under the control of any party to the Treaty.  A dispute

arose; the parties selected a tripartite panel for arbitration.

      While arbitration was ongoing, Plaintiffs filed a motion challenging the impartiality

of an arbitrator, alleging that the panelist was under the control of National Union.  On

September 12, 2013, the Court granted Plaintiffs' Motion for Temporary Restraining

Order and Preliminary Injunction, recognizing that this case invokes an exception to the

general rule preventing courts from interfering in arbitration proceedings.  The injunction

precludes the arbitration panel from issuing any more decisions and from *ex parte*

communications with the parties; this is to preserve the status quo while a determination

is made concerning the nature of the arbitrator's relationship with one of the attorneys for National Union, and whether that relationship was hidden while the panel was being assembled, in breach of the Treaty.

Jonathan Rosen, an arbitrator on the panel, filed a motion to intervene on September 19, 2013.  In Rosen's motion to intervene, he asks the Court to alter its injunction.  On September 23, 2013, National Union appealed the injunction ruling. After filing the appeal, National Union filed a motion asking the Court to stay proceedings.

National Union says the issue on appeal is whether the Court had jurisdiction to issue the injunction in the first place; it contends that the Court must grant the stay because no issue is collateral to that appeal issue.

The issue before this Court is whether it has jurisdiction to decide the motions to stay and to intervene.  Plaintiffs did not respond to Rosen's motion to intervene, but in its response to National Union's motion to stay, they argue that the Court has jurisdiction to proceed on the merits because the issues raised by the motions are collateral to the issue on appeal.

The Court does not have jurisdiction to decide either motion.  When National Union filed an appeal, that divested this Court of jurisdiction of all issues related to the appeal, until litigation in the Sixth Circuit is complete.  *Taylor v. KeyCorp*, 680 F.3d 609 (6th Cir. 2012)("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")(quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982)).

2

With respect to the motion to intervene, the *Taylor* court ruled on this precise issue: whether a district court retains jurisdiction to decide a motion to intervene filed days before a notice of appeal.  The *Taylor* court held that once an appeal is filed, a district court does not have jurisdiction to decide such a motion -- even if it was filed prior to the notice of appeal.  *Id.* at 616.

Further, post appeal, Rosen cannot intervene for the purpose of altering the Court's order.  Following an appeal, a district court may only enforce its judgment, *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007); it may not "*alter* or enlarge the scope of its judgment pending appeal." *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007)(emphasis added).

Accordingly, Rosen's motion to intervene is dismissed.

Turning to the stay, Plaintiffs cite law which says that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to proceed with the action on the merits."  *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995).  *Moltan* was an action involving defamation, disparagement, and other claims. *Id.*  In *Moltan*, the district court entered an injunction ordering Moltan to stop making alleged false claims.  *Id.*  Moltan appealed the injunction.  *Id.*  While the appeal was pending, the district court decided the case on the merits.  *Id.*  On appeal, Moltan argued that his appeal divested the district court of jurisdiction to decide the case on the merits.  The Sixth Circuit held it did not because the merits of the case were collateral to the injunction.  *Moltan* did not involve an appeal of arbitrability.

While the Sixth Circuit has not explicitly said that a district court is divested of

3

jurisdiction if issues impacting arbitrability are on appeal, at least one judge in this district has considered the issue and concluded there is no jurisdiction to even decide a motion to stay proceedings, once an appeal challenging arbitrability is filed. *Dental Assocs., P.C. v. Am. Dental Partners, Inc.*, No. 11-11624, 2012 U.S. Dist. LEXIS 59960 ( E.D. Mich. Apr. 30, 2012).

In *Dental Assocs.*, plaintiff filed an action for, among other things, breach of contract. *Id.* Defendants filed a motion to dismiss and to compel arbitration. *Id.* The court denied the motion. *Id.* Defendants filed a notice of appeal challenging arbitrability. *Id.* Defendants claimed that the district court did not have jurisdiction to hear the plaintiff's claims because the contract required arbitration. *Id.* After filing a notice of appeal, defendants sought a motion to stay. *Id.* The court held that because the appeal challenged arbitrability, the appeal completely divests district courts of jurisdiction; it did not have jurisdiction to decide the stay. *Id.*

*Dental Assocs.* is more on point. The issue on appeal here is arbitrability (whether the Court had jurisdiction to enter the stay), not solely whether the criteria to enter an injunction was met, unlike *Moltan*.

On appeal, National Union maintains that arbitration must be finalized before the court intervention; it challenges this Court's interruption of arbitration proceedings. The Sixth Circuit has said that a district court loses its jurisdiction over matters related to the appeal. Arbitrability is directly related to the merits. If the Court did not have jurisdiction to grant injunctive relief, it does not have jurisdiction to decide the merits. Because the merits are contingent on the appeal issue, this Court cannot decide the motion to stay.

These motions are **DISMISSED**. This Court no longer has jurisdiction over the

4

case.

This case is administratively closed pending appeal.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 14, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 14, 2014.

s/Linda Vertriest
Deputy Clerk

5